Sullivan County Probate Court
No. 86-491

*In re* DORIS M. TERRY

December 31, 1986

MEMORANDUM OPINION

■ The Sullivan County Probate Court has transferred questions asking whether there are circumstances in which it would have authority under RSA 464-A:25 to authorize a guardian to order the removal of a nasogastric tube supplying food and water to the ward, a hospital patient described as living in a "chronic vegetative state." We respectfully decline the interlocutory transfer and remand the case to the probate court.

The legal questions sought to be raised may well be of first impression in this jurisdiction, but the stipulated factual basis for the transfer is too tentative and incomplete to demonstrate that the circumstances of the case actually raise those questions. Although a stipulation of facts for the purpose of an interlocutory transfer always carries some risk that the facts would not exactly bear out the stipulation, and that any answer of transferred questions would therefore be inappropriate to the actual case, the court is especially cautious of accepting such a risk when it carries consequences for the life of a person who is not a conscious party to the proceeding.

■ We will not, therefore, consider the transferred questions without the benefit of the judge's comprehensive findings of fact, made after evidentiary hearing in open court. Without limitation, the findings should address these questions:

1. Was the patient, Doris Terry, legally competent before her hospitalization? If so, what if any expression of preference did she make about the application or withholding of procedures to sustain her life in the event she should become incompetent to accept or reject such procedures?

2. If she made such an expression, under what circumstances did she do so, with what knowledge of options and their likely effects upon her, and to whom?

3. If she expressed a preference for withholding such procedures under any conditions, did she make any distinction between procedures for medical treatment or the administration of medication, as distinguished from procedures for providing nourishment?

4. What ethical standards would the physicians concerned with this case apply in determining whether

the nasogastric tube should be withdrawn and what facts do they rely upon in their recommendations for or against its withdrawal?

5. If the tube should be withdrawn, what effects would follow from withdrawal of nourishment and what effects would follow from the withdrawal of water?

6. To what extent would Mrs. Terry be aware of these effects?

7. What reasons, if any, would support the withdrawal of water as well as nourishment?

8. If either water or nourishment should be withdrawn, what medical care would be extended to the patient?

9. If any individual or institution listed below has expressed a preference or opinion about what should be done in this case, what would be the financial consequences to that person or institution, how important would those consequences be, and to what degree does the anticipation of those consequences influence the expression of preference:

   1. The patient's family relations
   2. The physicians involved in the case
   3. The attorney-guardian ad litem for the patient
   4. The hospital

10. If the tube is not removed, what is the prognosis and who will bear the cost of Mrs. Terry's maintenance?

The trial court should explicity indicate whether it makes each finding on these or other subjects to the degree of a preponderance of the evidence, to a clear and convincing degree, or to some other degree of relative certainty.

After the probate court has made such findings, we will stand ready to consider whether to accept any renewed request for interlocutory transfer of questions of law.

*Interlocutory transfer declined; remanded.*

Michael C. Shklar, of Newport, attorney for the proposed guardian, Gerald Terry, and Thomas P. Connair, of Claremont, attorney for the proposed ward, Doris M. Terry, participated in the proceedings below.